DOGRA LAW GROUP PC
Shalini Dogra, State Bar No. 309024
Email:Shalini@dogralawgroup.com
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673
Fax: (310) 868-0170
*Attorneys for Named Plaintiff TRACI GRIFFIN and Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACI GRIFFIN, on behalf of herself and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a South Dakota Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No: 3:23-CV-00574<br><br>**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>*Assigned For all Purposes to Hon. Judge Laurel Beeler*<br><br>Originally Removed: February 8, 2023<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Traci Griffin by and through her attorneys, brings this action on behalf of herself and all other similarly situated against Defendant Wells Fargo Bank N.A. (hereinafter "Defendant Wells Fargo") and Does 1 through 50, inclusive. Plaintiff hereby alleges, on information and belief, except as those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

### NATURE OF THE ACTION

1.  This is a consumer class action that arises out of Wells Fargo's false and deceptive advertising of its "bank security boxes" (the Product). Through its uniform labelling and advertising claims, Wells Fargo falsely advertises the Product as a "security box." In reality, as affirmed by the ordeal experienced by Plaintiff, as well as other individuals throughout Alameda County, the Product does not function as a security box or provide protection services at all.

1

2. At all relevant times, Wells Fargo has made, and continues to make false, deceptive, and misleading claims and promises to consumers about the identity, value, and efficacy of the Product in a pervasive, statewide and nationwide marketing scheme that falsely touts the benefits of the Product.

3. Wells Fargo unequivocally knows and has reason to know that consumers would find the challenged attribute important in their decision to purchase the Product.

4. Starting in 2018, Plaintiff paid a monthly fee for the Product. Plaintiff utilized the Product as intended and would not have purchased a unit of the Product if she had known that the advertising as described herein was false, misleading and deceptive.

5. In reliance on Wells Fargo's dishonest and deceptive advertising practices of the Product, Plaintiff and similarly situated class members bought security boxes they otherwise would not have purchased. Wells Fargo has no reasonable basis for labelling, advertising, and marketing the Product in the deceptive manner identified herein. As a result, consumers are consistently misled into purchasing the Product, as well as tricked into paying unjustified higher prices to Wells Fargo. Likewise, consumers are not receiving the benefit of their bargain.

6. Wells Fargo's labeling, marketing, and advertising uniformly involves multiple false and misleading statements, as well as material omissions of fact, concerning the Product that have injured Plaintiff and the Class by duping them into paying for box that is not a security box at all.

7. Plaintiff brings this class action on behalf of all persons (including natural persons and entities) who purchased a unit of the Product during the relevant time period. Based on the fact that Wells Fargo's misrepresentations about the Product misled Plaintiff and all others like her, Plaintiff brings this class action against Wells Fargo to seek reimbursement of the premium she and Class Members paid due to Wells Fargo's false and deceptive representations about the identity and benefits of the Product.

///

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs, and at least one class member is a citizen of a state different from Defendants. Additionally, more than two-thirds of the members of the class reside in states other than those in which Defendant Wels Fargo is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

9. The Court has personal jurisdiction over Defendants pursuant to Cal. Code Civ. P. § 410.10, as a result of Defendant Wells Fargo's substantial, continuous and systematic contacts with the State, and because Defendant Wells Fargo has purposely availed themselves to the benefits and privileges of conducting business activities within the State.

10. Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this action because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District.

**PARTIES**

11. Plaintiff Traci Griffin is a citizen and resident of California and resides in the city of Oakland, in Alameda County.

12. Defendant Wells Fargo Bank N.A. is a South Dakota corporation, with its main office located in the city of Sioux Falls, South Dakota. Defendant Wells Fargo manufactures, designs, controls, oversees, mass markets, and distributes the Product throughout California and the United States.

13. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged. The true names and capacities of

Defendants sued herein under California Code of Civil Procedure § 474 and Does 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

14. Through its uniform labelling and advertising claims, Wells Fargo falsely advertises the Product as a "security box." To further deceive consumers about the Product's identity, Wells Fargo has designed measures that amplify the illusion of safety and perpetuate Wells Fargo's misrepresentations about the Product's identity. For example, individuals must go through a multi-step sign-in and identity verification process before Wells Fargo lets them access their security boxes. Additionally, to heighten the notion that the Product is a security box, Wells Fargo presents the Product as an exclusive privilege. Wells Fargo systematically tells individuals that there are only a limited number of security boxes available, whereby a person must place his/her name on a waiting list. Once the person's name is taken off the waiting list, then s/he must pay a monthly fee to have the Product. By implementing action such as presenting the act of paying for the Product as an honor that only certain people acquire, Wells Fargo tricks consumers into concluding that very few people can access Wells Fargo's security boxes area. Also, consumers are given a special key for their specific bank security box. Collectively, the net impression of Wells Fargo's marketing scheme misleads reasonable individuals to conclude that the Product is a security box that will genuinely keep their valuables safe. However, as affirmed by the ordeal experienced by Plaintiff, as well as other individuals in Alameda County, the Product does not function as a security box or provide protection services at all.

15. Starting in 2018, Plaintiff paid a monthly fee for the Product, to maintain a security box at Wells Fargo's location in the city of San Leandro. In approximately July 2022, Plaintiff visited the branch location to obtain some items from the unit of the

Product she had purchased and learned that Wells Fargo had misplaced *her entire box*. Additionally, Wells Fargo lost all the valuables and irreplaceable family heirlooms Plaintiff had placed in the security box. Astonishingly, instead of displaying any modicum of apology or intention to remedy the situation, Wells Fargo repeatedly tried to trick Plaintiff into signing falsified affidavits that tried to shift responsibility to her. Notably, Wells Fargo's narrative kept changing, and the rationales it offered for its atrocious mishandling of Plaintiff's security box were full of glaring inconsistencies. For example, Wells Fargo's initial narrative represented that Plaintiff's entire security box, and all her belongings had vanished and disappeared. Yet, a few weeks later, Wells Fargo inexplicably found some items from Plaintiff's security box. As guided by the principles of *res ipsa loquitor*, Wells Fargo is culpable for Plaintiff's claims because Wells Fargo controlled the Product. Similarly, the only viable explanation for what Plaintiff endured; Wells Fargo failed to provide the security services it marketed and did not limit the number of individuals who could access its security box. Consequently, due to Wells Fargo's inability to adhere to the safety protocol it advertised, countless employees and agents had the opportunity to sneak into Wells Fargo's security box area and steal consumers' possessions. Plaintiff utilized the Product as intended and would not have purchased a unit of the Product if she had known that the advertising as described herein was false, misleading and deceptive.

16.     Wells Fargo knows that individuals will use units of the Product to protect items that are high in value, and likely carry substantial emotional weight. For example, in Plaintiff's case, Wells Fargo lost several family heirlooms that had been passed down for generations. Astonishingly, when Wells Fargo found out that Plaintiff's security box had been misplaced, instead of notifying her, Wells Fargo continued to charge her a monthly fee. Further exacerbating its misconduct, Wells Fargo actively refused to help Plaintiff locate her possessions. Wells Fargo has data that shows which people accessed Plaintiff's security box, whereby one could narrow down the potential list of individuals that could explain what happened to Plaintiff's unit of the Product. Yet, Wells Fargo

continuously withheld this information from Plaintiff, and failed to use the data to conduct any investigation or take any efforts to find Plaintiff's valuables. Critically, Plaintiff's experience with Wells Fargo is a pervasive problem, as demonstrated by the fact that various consumers throughout Alameda County have voiced complaints about Wells Fargo locations losing security boxes.

17. Plaintiff purchased the Product in reliance upon the marketing, labelling and advertising of the Product claiming that it was a bank security box, without knowledge of the fact that the Product failed to serve as a security box. Similarly, she did not know the truth about Wells Fargo's slipshod security measures, or the fact that Wells Fargo continuously and habitually compromised Class Members' valuables. Consumers often associate bank security boxes with being an extra layer of protection and safety, as evidenced by the fact that individuals are willing to wait for one of Well Fargo's security boxes to become available and pay a monthly fee for the Product. Hence, Wells Fargo unequivocally knows and has reason to know that consumers would find the challenged attribute important in their decision to purchase the Product. Consequently, because the Product does not have its marketed identity or truly function as a security box, Class Members here are not receiving the benefit of their bargain.

18. As easily verifiable by various documents, Plaintiff purchased a unit of the Product in 2018 and paid a monthly fee to Wells Fargo for the Product throughout the relevant time period, until Wells Fargo notified Plaintiff about losing her security box in 2022. Plaintiff used the Product as instructed and would not have purchased it if she had known about the Product's marketing scheme, as described herein was false, misleading, and deceptive. Plaintiff suffered injury in fact and is entitled to restitution damages in an amount to be determined at trial. In reliance on Wells Fargo's dishonest and deceptive advertising practices of the Product, Plaintiff and similarly situated class members bought security boxes they otherwise would not have purchased. Wells Fargo has no reasonable basis for labelling, advertising, and marketing the Product in the deceptive manner identified herein. As a result, consumers are consistently misled into purchasing

the Product, as well as tricked into paying unjustified higher prices to Wells Fargo. Likewise, consumers are not receiving the benefit of their bargain.

19. As a direct and proximate result of Defendants' concealment and non-disclosure about the true identity and efficacy of the Product, Plaintiff and the Class (1) overpaid for the Product; (2) did not receive the benefit of their bargain (3) suffered a loss of the usefulness of the Product; (4) suffered injury in fact; and (7) lost money or property.

20. Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product statewide in California for common law fraud, intentional misrepresentation, and negligent misrepresentation. Additionally, Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product in California for violation of the California Bus. & Prof. Code §§17500, *et seq.*, California's False Advertising Law ("FAL"), Bus. & Prof. Code §§17200, *et seq.*, as well as California's Unfair Competition Law ("UCL").

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this class action on behalf of herself individually and all others similarly situated individuals in California, pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3). Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this class action on behalf of herself individually and all others similarly situated statewide in California. Plaintiff seeks to represent a class comprised of all persons in California who purchased the Product in California for personal use and not for resale during the time period of October 31, 2018, through the present. Excluded from the class are Defendants, their affiliates, employees, officers and directors, any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

22. Class certification is proper because Defendants acted (or refused to act) on grounds generally applicable to the Defendants Injunctive Relief Class thereby making appropriate injunctive relief with respect to the Defendants Injunctive Relief Class as a whole.

23. Class certification is proper because Defendants acted (or refused to act) on grounds generally applicable to the Injunctive Relief Class thereby making appropriate injunctive relief for the entire Injunctive Relief Class. Plaintiffs reserve the right to modify the definition of the Injunctive Relief Class after further discovery, and further reserve the right to only seek class certification for injunctive relief and not to seek class certification for monetary damages.

24. This action is properly brought as a class action for the following reasons:

(a) The members in the proposed class, which contains no less than one thousand members and based on good information and belief is comprised of several thousands of individuals, are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy.;

(b) The disposition of Plaintiff's and proposed class members' claims in a class action will provide substantial benefits to the parties and the Court;

(c) Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all class members have been injured by the same wrongful practices of Defendants. Plaintiff's claims arise from the same practices and conduct that gives rise to the claims of all class members and are based on the same legal theories;

(d) Plaintiff will fairly and adequately protect the interests of the proposed class in that they have no interests antagonistic to those of the other proposed class members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel;

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

(e) The proposed class is an ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member were infringed or violated in the same fashion;

(f) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members.  Such questions of law and fact common to Plaintiff and the class include, without limitation:

   i. Whether Class Members suffered an ascertainable loss as a result of Defendants' misrepresentations;

   ii. Whether Defendants made any statements they knew or should have known were false;

   iii. Whether Defendants' conduct violated the UCL?;

   iv. Whether Defendants' conduct violated the CLRA?;

   v. Whether the utility of Defendants' practices, if any, outweighed the gravity of the harm to its victims;

   vi. Whether Defendants' conduct violated public policy, included as declared by specific constitutional, statutory or regulatory provisions;

   vii. Whether, as a result of Defendants' misconduct alleged herein, Plaintiff and the Class Members are entitled to restitution, injunctive relief, and or/monetary relief, and if so, the amount and nature of such relief;

(g) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims, respectively, is impracticable.  Requiring each individual class member to file an individual

lawsuit would unreasonably consume the amounts that may be recovered. Even if every Class Member could afford individual litigation, the adjudication of tens of thousands of claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

(h) Defendants have or have access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action.

(i) Plaintiff seeks damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.

## FIRST CAUSE OF ACTION

### Common Law Fraud

25. Plaintiff and the Class re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this class individually and on behalf of the members of her proposed Class.

26. As discussed above, Defendant Wells Fargo provided Plaintiff and the Class Members with false or misleading material information and failed to disclose material facts about the Product, including but not limited to the fact that the Product was not

actually a security box or feature that kept individuals' valuables safe. These misrepresentations and omissions were made with knowledge of their falsehood. The misrepresentation and omissions made by Defendants, upon which Plaintiff and the Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase the Product.

27. The fraudulent actions of Defendants caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## SECOND CAUSE OF ACTION

### Intentional Misrepresentation

28. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

29. Defendants represented to Plaintiff and other class members that important facts were true. More specifically, Defendants represented to Plaintiff and the other class members through their advertising and labeling scheme for the Product, that the Product was a bank security box

30. Defendant Wells Fargo's representations were false. Defendant Wells Fargo knew that the misrepresentations were false when it made them, or Defendant Wells Fargo made the misrepresentations recklessly and without regard for their truth. Defendant Wells Fargo intended that Plaintiff and other class members rely on the representations.

31. Plaintiff and the other class members reasonably relied on Defendant Wells Fargo's representations.

32. Plaintiff and the other class members were financially harmed and suffered other damages. Defendant Wells Fargo's misrepresentations and/or nondisclosures were the immediate cause of Plaintiff and the other class members purchasing the Product. Plaintiff's and the other class members' reliance on Defendant Wells Fargo's representations was the immediate cause of the financial loss. In absence of the Defendant Wells Fargo's misrepresentations and/or nondisclosures, as described above,

Plaintiff the other class members, in all reasonable probability, would not have purchased the Product.

### THIRD CAUSE OF ACTION

### Negligent Misrepresentation

33. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant Wells Fargo.

34. As discussed above, Defendant Wells Fargo represented the Product in fact is a bank security box that provides the benefit of keep individuals' valuables safe. Yet, Defendant Wells Fargo failed to disclose that the Product did not in fact possess this advertised attribute or identity. Defendant Wells Fargo had a duty to disclose this information.

35. At the time Defendant Wells Fargo made these misrepresentations, Defendant Wells Fargo knew or should have known that these misrepresentations were false or mad them without knowledge of their truth or veracity. At an absolute minimum, Defendant Wells Fargo negligently misrepresented or negligently omitted material facts about the Product.

36. The negligent misrepresentations and omissions made by Defendant Wells Fargo, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase the Product. Plaintiff and Class Members would not have bought the Product if they had known the true facts.

### FOURTH CAUSE OF ACTION

### Unjust Enrichment

37. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

38. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

39. Plaintiff and Class Members conferred benefit on Defendants by purchasing the Product.

40. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because the Product is not in fact a bank security box and resulted in purchasers being denied the full benefit of their purchase because they did not purchase a product that was actually a bank security box

41. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

## FIFTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq.*

42. Plaintiff and the Class re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

43. California Business & Professions Code § 17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

44. Defendants' failure to disclose the truth about the Product's identity and benefit is likely to deceive a reasonable consumer and therefore constitutes a fraudulent or deceptive business practice.

45. Defendants' sale of the Product without disclosing the fact that the Product does not actually function as a bank security box at all offends established public policy and constitutes an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

46. Defendants' conduct is unlawful in that it violated numerous statutes, including Cal. Civ. Code §§ 1770(a); Cal. Civ. Code §§ 1709-1710; and Cal. Civ. Code §§ 1572-1573, as well as constituted common law fraud.

47. Defendants further violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in "unlawful" business acts or practices by, *inter alia*, failing to comply with California Civil Code § 1750, *et. seq.,* as well as State and federal vehicle codes.

48. Plaintiffs and Class members have suffered injury in fact and have lost money and/or property as a result of Defendants' fraudulent, unfair and/or unlawful business practices, in that as a result of Defendants violations of the UCL, Plaintiffs and the class purchased or paid monthly fees for bank security boxes which they otherwise would not have purchased or leased, or at a minimum, paid more for their units of the Product than they would have paid had Defendants not violated the UCL.

49. Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts and practices. Such conduct is ongoing and continues to this date.

50. Pursuant to Bus. & Prof. Code §§ 17203 and 17535, Plaintiff and the Class are therefore entitled to an order requiring Defendants to cease the acts of unfair competition alleged herein, full restitution of all monies paid to Defendants as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

51. Plaintiff reserves the right to seek additional preliminary or permanent injunctive relief.

## SIXTH CAUSE OF ACTION
### Violation of Cal. Civ. Code §§1750, *et seq.*

52. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

53. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

54. The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

55. Defendant Wells Fargo is a "person" under the CLRA. Cal. Civ. Code §1761 (c).

56. Plaintiff and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

57. The Product constitutes a "good" under the CLRA. Cal. Civ. Code §1761 (a).

58. Plaintiff and the putative Class Members' purchased units of the Product within the Class Period constitute "transactions" under the CLRA. Cal. Civ. Code §1761 (e).

59. Defendant's actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

60. Defendant's failure to label the Product in accordance with California labeling requirements constitute an unfair, deceptive, unlawful and unconscionable commercial practice.

61. Defendant's actions have violated at least seven provisions of the CLRA, including §§ 1770 (a)(2), 1770(a)(5) through 1770(a)(7), 1770 (a)(9), 1770(a)(10), 1770(a)(13), 1770(a)(14), and 1770(a)(16).

62. As a result of Defendant's violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the

unlawfully marketed Product, which they would not have paid had the Product been marketed and advertised correctly, or in the form of the reduced value of the Product relative to the Product as advertised and the retail price they paid.

63. Pursuant to § 1782 of the CLRA on approximately October 31, 2022, Plaintiff notified Defendants in writing of the particular violations of § 1770 of the CLRA, and demanded Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and to give notice to all affected consumers of its intent to do so.

64. Defendant has failed to rectify or agree to rectify at least some of the violations associated with actions detailed above and give notice to all affected consumers within 30 days of receipt of the Cal. Civ. Code § 1782 notice. Thus, Plaintiff seeks actual damages and punitive damages for violation of the Act.

65. In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

66. Plaintiff and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

## SEVENTH CAUSE OF ACTION

**Violation of Cal. Civ. Code §§17500, *et seq*.**

67. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

68. Defendant Wells Fargo engaged in unfair and deceptive acts and practices, in violation of the California Business and Professions Code § 17500 *et seq*., by marketing and/or selling the Product without disclosure of the material fact that the Product actually lacked its advertised identity and benefits. These acts and practices, as described above, have deceived Plaintiff and other class members, causing them to lose money as herein alleged and have deceived and are likely to deceive the consuming

public, in violation of those sections. Accordingly, Defendant Wells Fargo's business acts and practices, as alleged herein, have caused injury to Plaintiff and the other class members.

69. Defendant Wells Fargo had a duty to disclose that the Product did not function as a bank security box. Defendant Wells Fargo had these duties because this information was a material fact of which Defendant Wells Fargo had exclusive knowledge; Defendant Wells Fargo actively concealed this material fact; and Defendant Wells Fargo made partial representations about the Product but suppressed some material facts.

70. Defendant Wells Fargo's misrepresentation and/or nondisclosure of the fact that the Product lacked its advertised benefits, properties and composition was the immediate cause of Plaintiff and the other class members purchasing the Product.

71. In the absence of Defendant Wells Fargo's misrepresentation and/or nondisclosure of facts, as described above, Plaintiff and other class members would not have purchased the Product.

72. Plaintiff and the other class members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendant Wells Fargo as a result of such business acts or practices, and enjoining Defendant Wells Fargo to cease and desist from engaging in the practices described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A. This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiff as representative of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

B. For an order declaring the Defendants' conduct violates the statutes referenced herein;

C. That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D. That the Court awards Plaintiff and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

E. For an order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

F. That the Court awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendants' ill-gotten gains, to ensure that Plaintiff and proposed class members have an effective remedy;

G. That the Court awards pre-judgment and post-judgment interest at the legal rate;

H. Imposition of a constructive trust to prevent unjust enrichment and to compel the restoration of property (money) to Plaintiff and the Class which Defendants acquired through fraud.

I. That the Court orders appropriate declaratory relief; and

J. That the Court grants such other and further as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:   March 2, 2023         **DOGRA LAW GROUP PC**

By: _____
Shalini Dogra
Attorneys for Plaintiff